NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JORGE LUCIO CASTRO, *Appellant*.

No. 1 CA-CR 24-0062

FILED 04-10-2025

Appeal from the Superior Court in Maricopa County
No. CR2021-007232-001
The Honorable Joshua Yost, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of Stephen M. Johnson, Phoenix
By Stephen M. Johnson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S**, Judge:

¶1 Defendant Jorge Lucio Castro appeals his conviction and sentence for possession of dangerous drugs, a class four felony, in violation of A.R.S. § 13-3407(A)(1). Castro's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising us he found no meritorious grounds for reversal and asks us to search the record for fundamental error. Castro was given an opportunity to file a supplemental brief *in propria persona* but did not do so. After reviewing the entire record, we affirm Castro's conviction and sentence.

## FACTUAL AND PROCEDURAL HISTORY

¶2 We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Castro. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3 While responding to a community service call, two police detectives encountered Castro sitting in a makeshift tent in a Phoenix alleyway. Castro put something behind him and dropped a blanket over it as he stood up. The detectives searched the area within Castro's reach and found a cigarette carton inside the tent containing small, white crystalline rocks the detectives believed to be methamphetamine. They placed some of the crystalline rocks into an evidence bag but did not retain the carton. When questioned by the detectives, Castro admitted using methamphetamine the previous day.

¶4 The detectives arrested Castro and read him his *Miranda* rights. Castro again admitted smoking methamphetamine the day before and was surprised that some remained in the carton because he thought he and an acquaintance had used it all. The collected crystalline rocks were later tested and confirmed to be methamphetamine.

¶5 At trial, the State called both detectives as witnesses, as well as the forensic scientist who tested the methamphetamine. Following the State's case-in-chief, Castro moved for directed verdict under Arizona Rule

of Criminal Procedure 20. The court denied the motion. The jury later convicted Castro as charged.

**¶6** At sentencing, Castro stipulated that he had two historical felony convictions. Finding Castro's mental health as a mitigator, the court sentenced Castro to a less than presumptive term of nine years' imprisonment with credit for 863 days of presentence incarceration. The court further ordered the sentence be served concurrently with Castro's sentence in an unrelated case (Maricopa County Superior Court Case No. CR 2021-135518-001). Castro timely appealed.

## DISCUSSION

**¶7** We review Castro's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

**¶8** All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Castro was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial, rendering of the verdict, and sentencing. *See State v. Connor*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged felony offense, the State's burden of proof, and Castro's presumption of innocence. At sentencing, Castro was given an opportunity to speak, and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701 to -717 (as applicable).

## CONCLUSION

**¶9** We affirm Castro's conviction and sentence. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Castro's appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶10** Castro has thirty days from the date of this decision to proceed, if he desires, with an *in propria persona* petition for review to the Arizona Supreme Court. Ariz. R. Crim. P. 31.21. Upon this Court's own

motion, we also grant Castro thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

